11-367-ag
Babar v. Holder

BIA
Montante, IJ
A088 187 868
A088 187 869
A088 187 870
A088 187 871
A088 187 872
A088 187 873

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand thirteen.

PRESENT:
ROSEMARY S. POOLER,
ROBERT D. SACK,
RICHARD C. WESLEY,
        *Circuit Judges.*

_____

MOHAMMED BABAR, SHAZIA BABAR BANO,
FARAH RANI BABAR, OWAIS BABAR,
ALI BABAR, HUSSAIN BABAR,
        *Petitioners,*

        v.                                              11-367
                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:    E. Dennis Muchnicki, Dublin, Ohio.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; Jennifer P. Levings, Senior
                    Litigation Counsel; Jennifer R.
                    Khouri, Trial Attorney, Office of
                    Immigration Litigation, United
                    States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohammed Babar ("Babar"), Shazia Babar Bano, and their children Farah Rani Babar, Owais Babar, and Ali Babar, natives and citizens of Pakistan, and their child Hussain Babar, a native and citizen of Canada, seek review of a January 6, 2011, decision of the BIA affirming the April 6, 2009, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., which denied Mr. Babar's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Mohammed Babar et al.*, Nos. A088 187 868/869/870/871/872/873 (B.I.A. Jan. 6, 2011), *aff'g* Nos. A088 187 868/869/870/871/872/873

---

[1]  Babar's asylum application included his wife and the four children as derivative applicants, as permitted by 8 U.S.C. § 1158(b)(3)(A).

2

(Immig. Ct. Buffalo Apr. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications such as Babar's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies or omissions in the applicant's statements, without regard to whether the inconsistencies or omissions go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Here, the agency reasonably relied on internally contradictory testimony – Babar's initial testimony that his asylum claims in the United States and Canada were the same, and later testimony that his false Canadian asylum

3

application was different – to find him incredible. *See id.; see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Moreover, in his application, Babar, a Shia Muslim, stated that he feared returning to Pakistan because his wife's family would surrender him to Sipah Sahaba, a Sunni Muslim terrorist group, and take away his children. While the IJ's decision mischaracterized Babar's testimony by incorrectly stating that he did not mention Sipah Sahaba during his hearing, this error was harmless because the BIA reasonably concluded that Babar's failure to testify about his wife's family's threats to turn him over to Sipah Sahaba and take away his children were material omissions negatively impacting his credibility. *See* U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Babar contends that the IJ failed to provide him an opportunity to explain his inconsistent testimony, but the IJ explicitly called the inconsistencies to his attention, and reasonably declined to credit his explanation that the discrepancies resulted from inadequate preparation time, especially where the omissions were from the testimony, not the application. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

4

Babar also argues that the IJ's and BIA's alternative burden of proof findings were legally erroneous in "not considering" and in "not admitting" corroborating evidence consisting of letters from family and neighbors in Pakistan. Indeed, the IJ stated during the hearing that such evidence would not be received.  However, at the end of the hearing, when announcing his decision, the IJ stated that he "weighed and considered the totality of the testimonial and documentary evidence or record in the aggregate," and that the evidence at issue was "received into evidence." This declaration during the decision is fatal to Babar's claim that the IJ failed to admit the evidence. The IJ's ultimate determination that he "weighed and considered" the evidence does not compellingly suggest that he failed to consider the evidence. *Xiao Ji Chen v. Mukasey*, 471 F.3d 315, 337 n. 17 (2d Cir. 2006).  While we acknowledge the IJ's lack of clarity in his decision, *see Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 285 (2d Cir. 2009), even if the agency erred by failing to address each of Babar's evidentiary submissions, *see Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007), remand would be futile because we can confidently "predict that the agency would reach the same decision absent the errors that were made."  *Shunfu Li v.*

*Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (quoting *Xiao Ji Chen*, 471 F.3d at 339); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401-02 (2d Cir. 2005).

As the only evidence of a threat to Babar's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claims for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
